EVA TROP, Plaintiff, v. WILLIAM H. VAN VOORHIS, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Seventh District, December, 1920.)

Deposit — when motion to withdraw denied — trial — landlord and tenant — counterclaim — motions and orders — Laws of 1920, chap. 944, § 6.

Where the amount deposited by a tenant pursuant to section 6 of chapter 944 of the Laws of 1920 is concededly due to the landlord, justice requires that he should not be deprived of rent during the period between the making of the deposit and the trial of the action, and an order may be granted that it be paid to him in advance of the trial.

Where, however, counterclaims exceeding the difference between the sums sued for and the amount deposited, are interposed, justice requires that the deposit be held until the trial of the issues raised by the pleadings, and a motion for an order permitting plaintiff to withdraw the deposit, in advance of the trial, will be denied.

MOTION for an order enabling plaintiff to withdraw the deposit made by defendants, tenants.

Joffe & Joffe, for plaintiff for motion.

Henry B. Pogson, opposed.

Municipal Court of New York, December, 1920.   [Vol. 113.

CRANE, J.   The plaintiff, landlord, moves in this and several other cases with similar pleadings for an order enabling him to withdraw the deposits made by the defendants, tenants, pursuant to section 6, chapter 944, Laws of 1920.   That section requires the tenant to deposit with the clerk such sum as equals the rent paid the preceding month or as is reserved in the agreement under which he obtained possession as a condition precedent to questioning the reasonableness of the rent sought to be recovered by the landlord.   It is in no sense a voluntary payment as is an ordinary tender; but is a security required by law for the payment of any judgment recovered.   The joint legislative committee on housing in the explanation submitted with the bill, which the court can take into account in construing the act (*Caminetti* v. *United States,* 242 U. S. 470, 490; *United States* v. *St. Paul, etc., Railway,* 247 id. 310, 318; *Famborille* v. *Atlantic Gulf & Pacific Co.,* 155 App. Div. 833, 840; affd., 213 N. Y. 666), stated: "It might well be that a tenant, who was financially irresponsible, might suffer a judgment to be taken against him which would be worthless, and there would be no way in which the landlord could either recover his property or get his rent therefor. This, of course, would be a great injustice. It has, therefore, been provided that if the tenant sets up the defense that the rent is unjust and unreasonable he must deposit one month's rent with the clerk of the court. When the case is tried and a judgment rendered, the judgment is then satisfied out of the money deposited, if it be sufficient, and if not the tenant must pay the additional amount within five days or the landlord may have a warrant to remove him from the premises."

The section itself provides: " Such deposit shall be applied to the satisfaction of the judgment rendered or otherwise disposed of as justice requires." Reading

this portion of the act in connection with the explanation thereof heretofore quoted, it is evident that normally the disposition of the deposit should await the final judgment. Then it may be applied in complete or partial satisfaction of the judgment; but, in cases where the rent paid the preceding month or reserved in the lease exceeds the fair and reasonable rent, or where the action is for use and occupation (rental value) for less than a month, the amount deposited exceeding the amount of the judgment, the surplus deposit must be returned to tenant. The deposit should not be paid over to the landlord in advance of final judgment, save in those cases where the amount deposited is concededly due the landlord. In such cases, justice requires that the landlord should not be deprived of rent, concededly due, during the period between the making of the deposit and the trial of action; and it may be ordered paid to him in advance of trial on such terms as will fairly protect the rights of both parties. I am aware that certain other courts of the first instance have expressed views somewhat in conflict with those herein expressed; but in so far as they conflict, I must decline to follow them.

But in the cases at bar, there are interposed counterclaims exceeding the difference between the sums sued for and the amounts deposited. These counterclaims may not be tried by affidavit, but must await the trial of the action for disposition. Should the defendants succeed even in part in establishing such counterclaims, the plaintiff would not be entitled to all the deposit and if the damages on the counterclaims were established to a sufficient amount might be entitled to none of it. In such a case justice requires that the deposit be held until the issues raised by the complaint, defense and counterclaim have been tried.

Motion denied. No costs.